**KRIEGER, Plaintiff-Appellant, v. CLEVELAND (City), Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23981.   Decided May 9, 1957.

Howard J. Heilman, for plaintiff-appellant.
Ralph S. Locher, Director of Law, for defendants-appellees.

(HUNSICKER. PJ, STEVENS and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By DOYLE, J.

This case is presented as an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Cuyahoga County. The case has been heard de novo upon the pleadings and the evidence.

We are asked to declare the part of the comprehensive zoning ordinance of the charter city of Cleveland which restricts the use of property of the plaintiff, and that in the immediate locale, invalid; and to enjoin the building commissioner of the city of Cleveland to issue a building permit to the plaintiff, or his designee, "for the erection of the building for use in light manufacturing, storage and office use * * *."

It is claimed by the petitioner "that the zoning ordinance * * * which places the property of the plaintiff in a Class 3, or two-family, district, * * * and deprives the plaintiff of the right to use his property for industrial uses * * *, constitutes the taking of plaintiff's property without compensation in violation of **Article I, Section 19, Ohio Constitution,** and deprives the plaintiff of his property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States, for the reason that the zoning restriction imposed on said property bears no reasonable relationship to the health, safety, welfare and morals of the community."

It is not claimed, nor could it successfully be, that the comprehensive zoning legislation of the city of Cleveland is invalid. Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 71 L. Ed. 303, 54 A. L. R. 1016.

The claims are those set out in the paragraph second above, and relate to presently-existing conditions.

We have examined carefully the evidence, and find that the plaintiff owns six lots in an approximately 13-acre area, which is divided into 77 platted sublots, 55 of which have one or two-family houses erected thereon. The lots are 40 x 130 feet in size.

The area was restricted, under comprehensive zoning legislation enacted in 1929, to two-family dwelling houses, which classification continues to the present time. There are no nonconforming uses within this area, except the use of a relatively small portion for spur railroad tracks, owned by one of the divisions of the General Motors Corporation. Some of the lands adjoining this area are zoned for business uses.

It may be that in the near future the industrial development of the city of Cleveland will require in this vicinity a change in zoning, but for this court to say, from the facts shown now to exist, that the present zoning is not best for the body politic, and that the zoning must be changed, would be an unwarranted and illegal intrusion upon the functions of the legislative body of the city.

We are fully aware that zoning under constitutional rights must not be made static; but when the constitutionality of a zoning law is questioned, a court is required to base its judgment on existing facts, and not speculate on whether future developments, when and if they come into being, may render the zoning unconstitutional as to the changed conditions.

From the facts before us, we cannot say that the plaintiff, upon whom rests the burden of proof, has established no relation between the present zoning regulation and the public health, safety, morals and general welfare. Whether the present zoning is wise or expedient is not a matter for judicial decision.

For a comprehensive analysis of the law of zoning as revealed in numerous opinions of the courts, reference is made to the masterly opinion of Judge Hurd in **Cleveland Trust Co. v. Village of Brooklyn**, **92 Oh Ap 351.**

Reference is further made to the opinion rendered by the trial judge, wherein a more elaborate statement of the facts is made.

A decree will be entered as was recorded in the trial court.

HUNSICKER, PJ, STEVENS, J, concur.