BROCKMAN, APPELLANT, *v.* MORR ET AL., APPELLEES.

(No. 8760—Decided April 11, 1960.)

*Mr. Raymond J. Wilson*, for appellant.

*Mr. C. Watson Hover*, prosecuting attorney, for county commissioners.

*Mr. Thomas D. Jones*, for appellee Harold Helton.

*Miss Lois Richards* and *Mr. George Schimpf*, for appellees new parties-defendant.

LONG, J. The appeal here is from a judgment of the Common Pleas Court sustaining the rezoning of appellant's property from F. light industrial to C. residential. Appellant, Emma Brockman, purchased four lots in Rensslear Park Third Subdivision in 1928. Each of said lots is 50 by 100 feet on the west side of Dale Avenue, an unconstructed street in Springfield Township, Hartwell. In 1949, by popular vote of the electors of the township, the county commissioners for the first time adopted F. light industrial as the zone for this area. Said zoning continued until 1956, when an application was made to change the zoning from F. light industrial to residence C. The reasons for the rezoning were set forth in the application as ''protection of homes from detriment which could be caused by

future industrial use and prevention of future industrial traffic through a residential area.''

On November 11, 1956, while the F. light industrial zoning was still in effect, the building commissioner of the county issued a permit to build a structure for further extension of the area as F. light industrial. The application, above referred to, was heard at public hearing and was unanimously denied by the Regional Zoning Commission on November 21, 1956. On appeal to the Rural Zoning Commission, the action of the Regional Zoning Commission was, on January 24, 1957, unanimously affirmed. That ruling was appealed from to the county commissioners. They reversed the rulings of both lower commissions and changed the zoning from F. light industrial to residence C. Appeal was then had to the Court of Common Pleas, which court affirmed the action of the county commissioners. It is from that judgment of the Court of Common Pleas that appeal is had to this court.

The cause was tried *de novo* in the court below on a stipulation of facts, which is substantially the evidence presented to the county commissioners, and the exhibits and the testimony of the appellant, Emma Brockman. No evidence was offered by appellees.

There is no dispute that appellant's property is practically worthless as residential property of any kind. The ''paper streets'' of the weeded area pass through deep ravines, making travel thereon impossible. Although the zoning line runs through the middle of Laurel Avenue, industrial use is made of its south side, so that, if residences are ever built on Laurel Avenue, they would face the rear of the industrial buildings. On the north side of this same avenue, an occupant has built a storehouse and is operating a builder yard, a nonconforming use, in the rezoned residence C. district. Mrs. Brockman testified that she received an offer of $9,000 for her property when it was zoned F. light industrial, and that since the rezoning her property is practically worthless as a result. There is not a syllable of testimony to rebut this, and we can hardly see how there would be any.

Although the county commissioners did not in their resolution say it, nevertheless, the reasons advanced for the adoption

of the resolution must be based on those set forth in the application for changing of zoning, to wit, "protection of homes from detriment which would be caused by *future* industrial use; and prevention of *future* industrial traffic through a residential area." As we understand the law of zoning, courts are required to base their judgments, where the reasonableness of a zoning resolution is involved, upon existing facts and not to speculate on whether future developments, when and if they occur, may render zoning unconstitutional as to the changed conditions. In the case at bar, there is not a scintilla of evidence as to any detriment which might occur in the future to homes in an area which is already 1/3 industrial; nor do we find any evidence that, by retaining the F. industrial zoning in the area, future industrial traffic through a residential area would result. In all such cases, it is true, the burden is upon the landowner to establish that there is no relation between the zoning resolution in question and the public health, safety, morals, and general welfare. However, if he sustains this burden, then the resolution as to him constitutes the taking of property without due process of law. *Krieger* v. *City of Cleveland*, 76 Ohio Law Abs., 356, 143 N. E. (2d), 142. We think that, in the case at bar, the property owner has sustained that burden, and that the action of the trial court in sustaining the county commissioners is against the weight of the evidence. Ordinarily, through the process of time, communities deteriorate, and what was formerly a residential district deteriorates and becomes less desirable as a place to live. In the case at bar, the reverse has taken place; an area which was originally industrial has become residential in nature because perchance in the future *"industrial traffic"* may result, so say the county commissioners.

On this last point, we think the law of Ohio is well settled that traffic regulations are mere by-products of zoning; in other words, the public authorities have no right to adopt zoning changes to regulate traffic. That seems to be the suggestion in the reasoning of "prevention of *future industrial traffic* through a residential area." We think paragraph four of the syllabus in the case of *State, ex rel. Killeen Realty Co.,* v. *City of East Cleveland,* 169 Ohio St., 375, 160 N. E. (2d), 1, suits the case at bar and is decisive of the matter: "Where an isolated parcel of

land is similarly zoned as are parcels with which it is contiguous on one side but it extends into and is surrounded on the three other sides by an area of land zoned for less restricted uses, where no feasible economic use of the former land can be made under the present zoning, and where a reduction to the next less restricted use is in harmony with the needs and nature of the neighborhood, the refusal by municipal authorities to extend the less restricted use to such property constitutes a taking of it without due process, resulting in its confiscation.''

So, in the case at bar, ''up-zoning,'' to coin an expression, of the lots in question from F. light industrial to residence C., in our opinion, accomplishes nothing for the general welfare and only places the appellant's land in a situation where ''no feasible economic use of the land'' can be accomplished.

The judgment of the Court of Common Pleas of Hamilton County is reversed, and the resolution of the county commissioners as it applies to appellant's property is held to be unconstitutional and void.

*Judgment reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.