BURGER *v.* BOARD OF TRUSTEES OF MONTVILLE TOWNSHIP.

(No. 33373—Decided July 13, 1978.)

Court of Common Pleas of Medina County.

*Mr. Gregory W. Happ,* for Plaintiff.

*Mr. William L. Thorne,* Assistant Prosecuting Attorney for Defendant.

WHITFIELD, J. The parties have stipulated and the Court so finds that a real controversy exists between the parties regarding the validity of Subsection 115 (f) of the Montville Township Zoning Resolution. The court further finds that because of said controversy the case is properly before the court for declaratory judgment pursuant to R. C. Chapter 2721.

At issue in this action for declaratory judgment is the lawfulness and constitutionality of Subsection 115 (f) of the Zoning Resolution of the Township of Montville, Medina County, Ohio. Said Subsection 115 (f) provides as follows:

"No newspaper, radio or television service shall be used to advertise such home occupation."

Plaintiff conducts in her home in said township a "home occupation" under a conditional zoning certificate granted under the authority of Section 401-2-B-8 of the Montville Township Zoning Resolution. Such section provides that "home occupations" are subject to Subsection 115 of the township zoning resolution.

Facts have been stipulated by the parties to the effect that contrary to the provisions of Subsection 115 (f), plaintiff advertised her home occupation in a newspaper and as a result of such conduct, the Township of Montville, by and through its Zoning Inspector, gave to plaintiff a "Notice of Zoning Violation," by which notice plaintiff was advised "to discontinue such use * * * otherwise this matter will be referred to the county prosecutor for appropriate action."

Plaintiff contends that the resolution subsection in question is contrary to law in that it does not concern a "use" within the regulatory power granted to the Township Board of Trustees pursuant to R. C. 519.02, and further contends that said subsection is unconstitutional in that it is a violation of plaintiff's rights under the First Amendment to the United States Constitution and Section 11, Article I of the Ohio Constitution.

The crux of plaintiff's claim is two-fold:

1. Plaintiff's placing an advertisement in a newspaper, which advertisement solicited customers in connection with plaintiff's home occupation, was a proper exercise of commercial speech, subject to protection of the First Amendment of the United States Constitution and the Ohio Constitution, which freedom cannot be subjected to "blanket prior suppression."

2. R. C. 519.02, although conferring upon Township Trustees power to regulate the uses of land for trade, industry, residence, recreation, etc., is limited to the regulation of the physical attributes of such land use, and does not include power to further regulate plaintiff's activities other than in regard to physical use of such land.

Based upon such grounds, plaintiff asks that the court declare Subsection 115 (f) of the Montville Township Zoning Resolution unlawful and unconstitutional, and further asks that the court enjoin defendant from enforcing or attempting to enforce said subsection of its zoning resolution.

In meeting plaintiff's contentions, defendant maintains that since the dispute concerns the validity of a zon-

ing resolution, no judicial interference with such resolution is appropriate unless the party attacking such ordinance clearly sets forth in the evidence that the restriction is unreasonable or arbitrary. Defendant asks that the court dismiss plaintiff's complaint for the reason that plaintiff has failed to satisfy such burden.

Regarding the merits of plaintiff's constitutional claim, defendant argues that there is not a "blanket suppression" of all types of advertising, inasmuch as other forms of advertising are "still appropriate," and what is sought to be regulated according to defendant, is plaintiff's use of the mass media, "which would or could clearly result in the expansion of the operation to the point where it would be inappropriate in a residential area."

Defendant further maintains that cases dealing with commercial advertising in general which hold that such advertising cannot be arbitrarily prohibited for an otherwise permissible operation have little impact on the present case, since plaintiff's use of the land for home occupation purposes is a conditional use which is conditioned upon the acceptance of various conditions, among which is a restriction upon the type of advertising Subsection 115 (f) concerns.

*Plaintiff's Claim Based Upon Constitutional Grounds.*

The general rule applicable in Ohio regarding the constitutional validity of zoning ordinances is stated in the case of *Youngstown* v. *Kahn Building Co.* (1925), 112 Ohio St. 654, 657-658:

"* * * [T]he state under the police power has the right to limit the use of private property for the purpose of preserving the public health, safety and morals, and * * * the state can delegate its police power to a municipality; * * * where by virtue of such delegation, or by virtue of specific constitutional authority, the municipality exercises such power, it is to be presumed that such power has been legitimately exercised."

It has been said that the test respecting challenges to such ordinances is not whether the court would have enacted such a law, but rather whether such legislation has "a

real and substantial relation to the prevention of conditions detrimental to the public health, morals, or safety." *Pritz* v. *Messer* (1925), 112 Ohio St. 628, 639.

Generally, then, if the relationship of the legislation to delegated police powers is debatable, "the legislative judgment must be allowed to control." *State, ex rel. Grant,* v. *Kiefaber* (1960), 114 Ohio App. 279, 285.

Recent United States Supreme Court cases have held, however, that where a legislative enactment arguably infringes upon an individual plaintiff's First Amendment rights, the burden is upon the defendant to justify such enactment. *Linmark Associates, Inc.,* v. *Willingboro* (1977), 431 U. S. 85, 52 L. Ed. 2d 155, 97 S. Ct. 1614; *Buckley* v. *Valeo* (1976), 424 U. S. 1, 64, 46 L. Ed. 2d 659, 96 S. Ct. 612; *Erznoznik* v. *Jacksonville* (1975), 442 U. S. 205, 45 L. Ed. 2d 125, 95 S. Ct. 2268; *Freedman* v. *Maryland* (1965), 380 U. S. 51, 13 L. Ed. 2d 649, 85 S. Ct. 734; *Speiser* v. *Randall* (1958), 357 U. S. 513, 2 L. Ed. 2d 1460, 78 S. Ct. 1332.

Additionally, if an enactment, such as that presently before the court, involves a prior restraint of speech, such enactment carries with it a " 'heavy presumption against its constitutional validity.' " *Freedman, supra,* at page 57. The reason for this presumption is that "prior restraints on speech and publications are the most serious and the least tolerable infringement upon First Amendment rights." *Nebraska Press Assn.* v. *Stuart* (1976), 427 U. S. 539, 559, 49 L. Ed. 2d 683, 96 S. Ct. 2791. Encroachment upon First Amendment rights " 'cannot be justified upon a mere showing of a legitimate state interest.' " *Elrod* v. *Burns* (1976), 427 U. S. 347, 362, 49 L. Ed. 2d 547, 96 S. Ct. 2673; *Kusper* v. *Pontikes* (1973), 414 U. S. 51, 58, 38 L. Ed. 2d 260, 94 S. Ct. 303. Where there exists a regulation which significantly impairs First Amendment rights, such regulation "must survive exacting scrutiny." *Elrod* v. *Burns, supra; Buckley* v. *Valeo, supra.* Courts have specifically applied this strict standard to First Amendment Constitutional attacks upon zoning regulations. *Linmark Associates, Inc., supra; Erznoznik, supra; Bayou Landing, Ltd.* v. *Watts* (C. A. 5, 1977), 563 F. 2d 1172.

26

Plaintiff's claim is based upon Section 11, Article I of the Ohio Constitution and the First Amendment to the United States Constitution.

The First Amendment to the United States Constitution is applicable to the states through the Fourteenth Amendment. *Va. Pharmacy Bd.* v. *Va. Consumer Council* (1976), 425 U. S. 748, 48 L. Ed. 2d 346, 96 S. Ct. 1817.

The speech sought to be regulated by Subsection 115 (f) is "commercial speech," and although such speech may be a proper subject of regulation in some respects, it is not wholly outside First Amendment protection. *Va. Pharmacy Bd.*, *supra*. Commercial speech requires protection of the interests of the seller in relating to the community that he has goods or services for sale. *Va. Pharmacy Bd.*, *supra*; *Linmark Associates, Inc.*, *supra*.

Although no cases involving a statute similar to that presently in issue were brought to the attention of the court, cases involving court consideration of regulation of signs of advertisement posted on residential premises provide guidelines for determining the constitutionality of Subsection 115 (f) of the Montville Township Zoning Resolution.

The recent United States Supreme Court case of *Linmark Associates, Inc.* v. *Willingboro, supra,* hold as violative of the First Amendment to the United States Constitution a township ordinance prohibiting the posting of a real estate "for sale" and "sold" signs for the purpose of stemming what the township perceived as the flight of white homeowners from a racially integrated community. It was the opinion of the court that despite the importance of achieving an important governmental objective (promotion of stable, integrated housing), the ordinance could not be upheld since it did not appear that it was needed to achieve that objective and the First Amendment precludes a township from achieving such an objective by restricting the flow of truthful commercial information.

Applying the rationale of *Linmark* to the instant case, it is manifestly clear that defendant has failed to show that the legislation presently under consideration, which

inhibits the flow of truthful commercial information, is essential for the purpose of achieving an important governmental objective.

Although it has been recognized that laws which serve to regulate the time, place or manner of speech stand on a different footing from prohibiting speech altogether. (*Va. Pharmacy Bd., supra*), defendant has not shown that such is the purpose of the present zoning resolution.

Additionally, although the place or manner of speech may be regulated in instances where the speech may be said to produce a detrimental "secondary effect" upon society (*Young* v. *American Mini Theatres* [1976], 427 U. S. 50, 49 L. Ed. 2d 310, 96 S. Ct. 2440), defendant has failed to demonstrate that such a "secondary effect" would in fact result. Defendant's argument has been that "what is attempted to be regulated is mass media advertising * * * which would, or could, clearly result in the expansion of an operation to the point where it would be inappropriate in a residential area."

It would appear that what actually is feared by the township is the "primary effect" of would-be purchasers responding to the advertisement by seeking the services plaintiff's home occupation offers.

It is conceded by defendant that "plaintiff's particular operation may never have the type of growth which is feared * * *," and further, that "the advertisement actually conducted did not, and probably would not result in the expansion of the particular business involved to such a degree that an undesirable use would be created." A court, however, cannot base its judgment regarding the validity of a zoning regulation upon speculation regarding future developments. Appropriateness must be determined upon the existence of present facts. *Brockman* v. *Morr* (1960), 112 Ohio App. 445.

Defendant has maintained that the regulation is reasonable because it is not a blanket suppression, since alternative modes of advertising are available to plaintiff, *i. e.,* "advertising by signs on the property, hand-outs, etc." However, insufficient evidence is before the court which

could lead it to believe that such alternatives are satisfactory means of communication with respect to the message plaintiff seeks to relate. *Linmark Associates, Inc., supra.* Previous Ohio cases have decided that "[r]estraint on expression may not generally be justified by the fact that there may be other times, places, or circumstances available for such expression." *Minarcini v. Strongsville City School Dist.* (C. A. 6, 1976), 541 F. 2d 577, 582. Although the court need not at this time determine the constitutionality of other portions of Subsection 115 of the zoning resolution which deal with restrictions on advertising, it is apparent that "advertising by *signs* on the property" is an especially inadequate alternative, since the only sign permitted on the premises in question with respect to said home occupation is "one unlighted name plate not more than one (1) square feet in area announcing the name and home occupation * * *" (Subsection 115 [g]).

Defendant attempts to distinguish the instant case from cases cited by plaintiff which recognize the right of an individual to advertise in connection with a lawful business (*Cleveland Shopping News Co.* v. *Lorain* [1932], 37 O. L. R. 527, and *In re Thornburg* [1936], 55 Ohio App. 229), and cases in which it was held that solicitation through advertising did not transfer a permitted use into a forbidden use (*Delpriore* v. *Ball* [1953], 281 App. Div. 214, 118 N. Y. S. 2d 53), emphasizing the fact that plaintiff's use of the land for home occupation purposes is a conditional use, and "its use is conditioned upon the acceptance of various conditions." Among such conditions which it is suggested plaintiff "accepted" is a restriction upon newspaper, television and radio advertisng. In so argung, defendant simply fails to recognize the significance of plaintiff's constitutionally protected speech.

"* * * [T]he government 'may not denying a benefit to a person on a basis that infringes on his constitutionally protected interests—especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech * * * his exercise of * * * [that] freedom[s] would in ef-

fect be penalized and inhibited.' " *Perry* v. *Sindermann* (1972), 408 U. S. 593, 597, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972); *Elrod* v. *Burns, supra* (427 U. S. 347), at page 359.

As the cases noted above reveal, even if this were a proper case for consideration based upon a right-benefit distinction, it is clear that regulation of the type attempted by Subsection 115 (f) of the Montville Township Zoning Resolution is beyond that constitutionally allowable in the absence of a showing by the government of a paramount governmental interest of vital importance. *Elrod, supra; Buckley, supra.*

In conclusion, with respect to plaintiff's claim based upon constitutional grounds, it is clear that the purpose of Subsection 115 (f) of the Montville Township Zoning Resolution is to restrain the dissemination of information presumed protected by the First Amendment, *i. e.*, commercial advertising. This being the case, the defendant bears the burden of demonstrating that the restraint so imposed comports with the "substantive and procedural requirements of the first amendment." *Bayou Landing, Ltd., supra,* at page 1178. Having failed to meet this burden for the reasons discussed above, the court must hold that Subsection 115 (f) of the Montville Township Zoning Resolution is contrary to the protections afforded plaintiff by the First Amendment to the United States Constitution and Section 11, Article I of the Constitution of the state of Ohio. Accordingly, said Subsection 115 (f) is null, void and of no effect, and the Township of Montville should be enjoined from enforcing or attempting to enforce said regulation.

*Plaintiff's Claim Based Upon R. C. 519.02.*

Defendant has not directly addressed the merits of plaintiff's claim that Subsection 115 (f) of the Montville Township Zoning Resolution exceeds the powers granted the Township Trustees pursuant to R. C. 519.02. No distinction is made by the defendant regarding regulation of newspaper, radio or television advertising, as opposed to advertisements in the form of posting of a sign on the premises. Although both forms of advertising are made the sub-

ject of Subsection 115, only Subsection (f) which deals with newspaper, television and radio advertisements is presently under attack. The very essence of plaintiff's claim based upon R. C. 519.02 is that unlike regulations which deal with physical attributes and use of one's land, which might be subject to some regulation, commercial use of such land in the form of newspaper, television and radio advertisement does not involve physical use of the land which would make such use a proper subject of regulation pursuant to R. C. 519.02.

The only power a township has to regulate and restrict the use of property by zoning regulation is limited to that conferred upon it by R. C. 519.01 *et seq. Crist* v. *True* (1973), 39 Ohio App. 2d 11. Legislation which restrains the exercise of any trade or occupation, or which imposes restrictions upon the use, management or control of private property is to be strictly construed and the scope of such legislation is not to be extended to include limitations not therein clearly prescribed. *State, ex rel. Oil Co.,* v. *Dauben* (1919), 99 Ohio St. 406; *Clymer* v. *Zane* (1934), 128 Ohio St. 359.

Accordingly, any regulation contained within a township zoning resolution which fails to comply with the provisions of R. C. 1519.01 *et seq.,* as such Revised Code section must be strictly construed, is in conflict therewith and void. *Crist* v. *True, supra.*

Having carefully considered plaintiff's claim that Subsection 115 (f) of the Montville Township Zoning Resolution exceeds the powers of a township with respect to regulation of the use of plaintiff's land, it is apparent that such regulation is in conflict with the authority granted to Montville Township pursuant to R. C. 519.02.

Accordingly, therefore, Subsection 115 (f) of the Montville Township Zoning Resolution is null, void and of no effect, and defendant is enjoined from enforcing or attempting to enforce said regulation.

*Judgment accordingly.*