CRIST, APPELLANT, *v.* TRUE ET AL., APPELLEES.

(No. 484—Decided September 24, 1973.)

*Mr. Chris Rosenhoffer,* for appellant.

*Mr. Hugh L. Nichols II,* for appellee Arthur O. Wiedenbein.

*Mr. Robert A. Jones,* prosecuting attorney, for appellees trustees of Union Township, and zoning commission of Union Township.

VICTOR, J. This is an appeal from an order of the Court of Common Pleas of Clermont County which dismissed the complaint of Henry R. Crist (appellant). The complaint is an appeal from the decision of the board of township trustees of Union Township, whereby that board granted an application, as modified, of one Arthur Wiedenbein, a defendant (appellee) to rezone a portion of his real estate from a residential classification to a commercial classification. The complaint also demanded that the court issue an injunction for the reason that the board of trustees failed to comply with the township zoning regulations, and R. C. 121.22, which requires that meetings of governmental bodies be public meetings.

The appellant says that the judgment is (1) contrary to law, and (2) contrary to and against the weight of the evidence.

A summary of the facts shows that, after the applica-

**12**

tion for the change was made, the county planning commission considered the application and recommended it, with certain modifications. Thereafter, the township zoning board made further modifications and recommended approval. Subsequently, on October 13, 1970, at a public hearing and regular meeting of the board of township trustees, held at the township hall, the zoning change was debated by those present, and the regular meeting was adjourned without a decision being rendered. At the next regular meeting of the board of trustees, held at the township hall on October 27, 1970, the matter was again on the agenda, but it was tabled. This meeting adjourned without any indication in the minutes as to when the matter would again be considered.

Three days later, at 10 a. m., on October 30, 1970, the board of township trustees, without notice to anyone (as far as the record before us indicates), met in a "special session" at the private residence of Lois J. Donnellon, the township clerk (and a defendant-appellee). No one opposing the zoning change was present. The minutes indicate that "present were the two Wiedenbein boys," and their attorney. At this meeting, the trustees approved the zoning change, as recommended by the township zoning board.

The trial court held that the only power townships have, to regulate and restrict the use of property by zoning regulations, is given them by R. C. 519.01 *et seq.*, and that any regulations contained in a township zoning resolution in conflict therewith are void. With this conclusion, we agree.

R. C. 519.12 sets forth the procedure to be followed relative to conducting public hearings on proposed amendments to a township zoning resolution, prior to the time that the matter is finally submitted to the township trustees for their approval or disapproval. The trial court found that the statutory requirements had been followed in this respect, and with this conclusion, we agree.

R. C. 519.12 then provides that "within twenty days after such public hearing the board [of township trustees] shall either adopt or deny the recommendations of the zon-

ing commission or adopt some modification thereof." The amendment then becomes effective within thirty days after the date of such adoption, unless, within that period a prescribed number of qualified voters within the township request a referendum. No such referendum was requested.

The sole question on this appeal is whether the special session of October 30, 1972, was a legal public meeting for the purpose of transacting public business.

The Ohio Revised Code is silent on the subject of the times and places of meetings of township trustees. However, R. C. 121.22 provides, in part: "All meetings of any board [of any township] * * * are declared to be public meetings open to the public at all times. * * *" It is apparent from this language that public business must be transacted at a public meeting open to the public at all times. Consequently, public meetings must be conducted only in a public meeting place, which, in a township, is usually the township hall, or a public building akin to it. There is a township hall in Union township.

A "special session" of the board of township trustees, for which no notice is given and which is held at the private residence of a township official, does not, in our judgment, qualify as a "public meeting open to the public." Public business could not be properly transacted at such a meeting. Hence, the action taken at such a session, relative to the zoning change involving the Wiedenbein property, was contrary to law.

The judgment of the Court of Common Pleas is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

BRENNEMAN, P. J., and HUNSICKER, J., concur.

BRENNEMAN and VICTOR, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District. HUNSICKER, J., retired, assigned to duty pursuant to Section 6 (C), Article IV of the Constitution.