HEBELER et al., Appellants,

v.

COLERAIN TOWNSHIP BOARD OF ZONING APPEALS et al., Appellees; Colerain Township Board of Trustees.

[Cite as *Hebeler v. Colerain Twp. Bd. of Zoning Appeals* (1997), 116 Ohio App.3d 182.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960520.

Decided June 4, 1997.

*Manley, Burke, Lipton & Cook* and *Carol S. Wood*, for appellants.

*David M. Fingerman* and *John R. Meckstroth, Jr.*, for appellees.

---

MARIANNA BROWN BETTMAN, Judge.

This appeal arises out of a decision by the Colerain Township Board of Zoning Appeals granting a variance from the one-hundred-foot setback requirement of the Colerain Township Zoning Code, to the Colerain Athletic Association, to construct a seventy-eight-space parking lot adjacent to two proposed private baseball fields, on land which the Association owns. By the terms of the variance, the proposed parking lot would be ten, rather than one hundred, feet from adjacent property lines.

## PERTINENT BACKGROUND

In 1992, the Colerain Athletic Association ("the Association") bought the subject property, located at 9960 East Miami Road, with the hope of constructing several baseball fields on it. At the time the land was purchased, Colerain Township did not have its own zoning code and a baseball field was not a permitted use of the property under the pertinent Hamilton County zoning code. In November 1994, Colerain Township enacted its own zoning code ("Township Zoning Code"). Under the Township Zoning Code, a baseball field is a permitted use of the property as zoned. The property is zoned "AA" Residential. However, under the Township Zoning Code, in residence districts, any parking lot must be one hundred feet from all adjacent property lines.

The Association sought a variance from the setback requirement, which was denied by the Colerain Township Zoning Inspector. The Association then appealed to the Colerain Township Board of Zoning Appeals ("Zoning Board"), which, by a 3–2 vote, reversed the inspector and granted the variance.

The variance was opposed by Stephen and Regina Hebeler, Alan and Susan Schell and Lillian and Peter Lanphier, who are all adjacent property owners ("the Property Owners"). When the variance was granted by the Zoning Board, the Property Owners brought an R.C. Chapter 2506 appeal to the court of common pleas. The trial court affirmed the decision of the Zoning Board granting the variance. The Property Owners, appellants herein, now appeal to this court.[1]

---

1. We have *sua sponte* removed this case from the accelerated calendar.

The Zoning Board and the Association are appellees in this appeal.[2]

## ASSIGNMENTS OF ERROR

The Property Owners raise two assignments of error which we will consider together and in reverse order. In their second assignment of error, the Property Owners argue that the trial court failed to apply the appropriate standard of review in determining that the issuance of the variance should be upheld. Relatedly, in their first assignment of error, the Property Owners contend that as a matter of law the decision of the trial court is not supported by a preponderance of substantial, reliable, and probative evidence.

## STANDARD OF REVIEW OF ZONING BOARD DECISION

■ The Association, as the party seeking the variance, had the burden of proof on this issue before the Zoning Board. The Association prevailed. In an R.C. Chapter 2506 appeal, the burden of establishing the invalidity of the Zoning Board's determination rests on the party contesting that determination, in this case, the Property Owners. *C. Miller Chevrolet Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400, paragraph two of the syllabus.

■ An appeal to the court of common pleas from a decision of a board of zoning appeals is governed by R.C. 2506.04, which states that "the [trial] court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Within the directives of R.C. 2506.03, the trial court may hear additional evidence in an R.C. Chapter 2506 appeal.[3] *Cincinnati Bell v. Glendale* (1975), 42 Ohio St.2d 368, 71 O.O.2d 331, 328 N.E.2d 808. Thus, in an R.C. 2506.04 appeal, the trial court performs a hybrid form of review:

---

2. By agreement of the parties, the Association intervened as a party defendant below and is also an appellee. The Colerain Township Board of Township Trustees was named as a party in the original complaint and named as an appellee in appellants' notice of appeal. However, the board of trustees took no active role in the litigation below, was not listed as a party on the final judgment entry, did not file a brief in this appeal and, therefore, will not be treated as an appellee for purposes of this appeal.

3. The tape of the hearing before the Zoning Board malfunctioned and could not be preserved for the trial court. As a result, and with the agreement of both sides, the trial court took additional evidence, which was not necessarily new evidence but which approximated what had been on the tape. Other exhibits before the Zoning Board were part of the record before the trial court. We also agree with appellants that the decision of the Zoning Board lacked the conclusions of fact supporting its final order. R.C. 2506.03.

" 'The court applies the law to the evidence that was presented to the administrative agency but acts as a finder of fact in regard to the new evidence; then, reviewing the entire record, the court determines whether the agency's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.' " 6 Anderson's Ohio Civil Practice (1993) 99, Section 314.07, quoting *Harvey v. Cincinnati Civ. Serv. Comm.* (1985), 27 Ohio App.3d 304, 27 O.B.R. 360, 501 N.E.2d 39. See, also, *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113; *Streetside Records/Sound Distributors, Inc. v. Montgomery* (Dec. 7, 1994), Hamilton App. No. C–930816, unreported, 1994 WL 680133.

We believe that the trial court properly understood on which parties the burdens fell and its own standard of review, and we overrule the second assignment of error. However, as a matter of law, which, under R.C. 2506.04, is the standard of review for this court on appeal, we agree with the Property Owners that the trial court failed to apply the appropriate factors legally pertinent to the variance sought in this case, and therefore erred in its determination that the granting of the variance was supported by a preponderance of substantial, reliable, and probative evidence on the whole record.

## GRANTING OF VARIANCE BY ZONING BOARD

The powers of a township board of zoning appeals, applicable in this case, are codified in R.C. 519.14. Pertinent hereto is the standard for a variance, set forth in R.C. 519.14(B):

"The township board of zoning appeals may:

"* * * *

"(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done."

The Ohio Supreme Court has spoken clearly on the subject of area variances. In *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 12 O.B.R. 26, 465 N.E.2d 848, the court held that in making a determination about an area variance a lesser standard is required than for a use variance. An applicant for an area variance need only show "practical difficulties," not "unnecessary hardship." *Id.*, syllabus. This "practical difficulties" standard applies to township boards of zoning appeals in the consideration of area variances. *Zangara v. Chester Twp. Trustees* (1991), 77 Ohio App.3d 56, 601 N.E.2d 77.

In analyzing the request for the variance, both the Zoning Board and the trial court erroneously used the "unnecessary hardship" language. However, reference to this stricter standard does not necessarily mean that the lesser standard of "practical difficulties" was met by the Association.

No single factor controls the determination of "practical difficulties." Overall, a property owner encounters "practical difficulties" whenever the area zoning requirement unreasonably deprives the property owner of a permitted use of the property. *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 86, 23 O.B.R. 212, 214–215, 491 N.E.2d 692, 695. In *Duncan*, the Ohio Supreme Court specifically detailed seven nonexclusive factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered "practical difficulties" in the use of his or her property. The factors include, but are not limited to:

(1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services; (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some other method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. *Id.*, syllabus.

Despite our appreciation of the generosity of the Association, and our collective enthusiasm for a place for children to play baseball, our review of the record, both before the Zoning Board and before the trial court, convinces us that the *Duncan* factors were neither applied nor weighed by the Zoning Board or by the trial court. Instead, both the Zoning Board and the trial court focused on the conditions which were placed on the grant of the variance to try to accommodate the concerns of the Property Owners about safety, noise, nuisance, increased traffic, and blight. While these conditions are certainly salutary, and may ultimately be imposed, a threshold requirement needs to be met in this case, and that is to apply the *Duncan* factors and properly determine whether the Association met its burden for an area variance.[4] Accord *Coventry Twp. Bd. of Zoning Appeals v. Barensfeld* (Aug. 12, 1992), Summit App. No. 15191, unreport-

---

4. The Property Owners' post-hearing brief, filed as part of the record, does an excellent job of analyzing the *Duncan* factors.

ed, 1992 WL 194228; *Barensfeld v. Coventry Twp. Bd. of Zoning Appeals* (Jan. 17, 1996), Summit App. No. 17308, unreported, 1996 WL 15847.

We hold that the trial court erred as a matter of law in concluding that there exists a preponderance of reliable, probative, and substantial evidence, including that evidence taken by the trial court, to uphold the granting of an area variance. We reverse its judgment and remand with the specific mandate that the trial court must analyze the evidence in light of the *Duncan* factors and any other factors pertinent to the "practical difficulties" which govern an area variance. The trial court may again hear additional evidence if warranted. The Property Owners' first assignment of error is sustained. The trial court's judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PAINTER, P.J., and GORMAN, J., concur.