OPINION
This appeal is taken by Appellants, Kurt and Tonya Dauterman, from a decision of the Court of Common Pleas of Hancock County affirming an order of the Washington Township Board of Zoning Appeals ("BZA") wherein the board denied an application for a variance. For the reasons that are set forth below, we affirm the court's decision.
The following is a brief synopsis of the relevant background facts:
 Appellants are the record owners of a 16.934 acre parcel of land located in Washington Township, Hancock County, Ohio, and situated in an area zoned as an A-1 Agricultural District. According to the zoning resolution, the intent in creating an agricultural district was, among other things, to "protect and preserve [prime farm land] for agricultural usage." As such, the resolution prohibits residential construction that is not accessory to farming operations on less than thirty-five acres.
Despite the thirty-five acre requirement, in 1997 Appellants applied for a variance to allow them to construct a residence on their land. The BZA initially denied the application. However, in April 1997, after revisiting the issue, the BZA voted to approve the variance pursuant to a finding that the area in question "is subject to flooding and is not economically feasible to farm." The BZA also concluded that "[t]o strictly apply the specific regulation to this property would result in peculiar or practical difficulties to, or exceptional undue hardship upon the owner and the granting of the variance may be afforded without substantial detriment to the public good and without substantially impairing the intent and purpose of the Washington Township Zoning Resolution."
Approximately one year later, Appellants entered into an "Agreement for Transfer of Real Estate" with Aaron and Donene Smith. The contract stated that the Smiths agreed to purchase roughly five acres from Appellants' 16.934 acre parcel on the condition that the BZA grant the buyers a variance and the requisite zoning permits to construct a single family residence, a pole barn, and a acre pond. The Smiths perfected the necessary applications and the BZA held a public hearing on the matter of the variance on July 6, 1998.
Appellants did not attend the hearing. Aaron Smith was accompanied by counsel and provided testimony on behalf of himself and his wife. Smith's attorney also requested the BZA to take notice of its prior determination that the land was not suitable for farming in order to conclude that the Smiths should be entitled to a similar variance. The BZA subsequently voted to deny the application.
As the owners of the property, Appellants then filed an administrative appeal to this decision in the court of common pleas pursuant to R.C. 2506.01. Among other things, Appellants argued that the order of the BZA was not supported by the evidence and was contrary to law because the doctrine of res judicata
precluded the board from finding that the zoning ordinance should strictly apply to the Smiths when it previously found that the law shouldn't apply in such a manner to Appellants. Appellants also claimed that the thirty-five acre requirement was unconstitutional.
Upon request, the court held a hearing de novo on the issue of constitutionality. On October 12, 1999, the court issued an order stating that the zoning resolution did not violate any constitutional provision. The court also issued an October 26, 1999 entry, finding the remainder of Appellant's arguments without merit. Appellants then filed the instant appeal. For the sake of clarity, we have chosen to address Appellants' assignments of error outside of their original order.
Assignment of Error I
 The Court of Common Pleas of Hancock County, Ohio, erred in denying the application of res judicata or collateral estoppel.
 We first make a procedural note that although Appellants did not request the variance at issue in this case, they do have standing to appeal the order of the BZA. Generally, the right to file an administrative appeal under R.C. Chapter 2506 can be exercised by those who have a present interest in the subject matter of the litigation. Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26. Since their legal interests in the property have been directly affected by the BZA's denial of the variance, Appellants may properly appeal the decision. With that stated, we move on to address the issues presented in Appellants' first assignment of error.
The doctrine of res judicata applies to an order issued by a township board of zoning appeals respective to the grant or denial of an application for a variance. Set Products, Inc. v.Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, paragraph one of the syllabus. Res judicata employs two concepts: claim preclusion and issue preclusion. Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 381. The claim preclusion aspect ofres judicata precludes the relitigation of the same action as between the parties, while the issue preclusion or collateral estoppel aspect of the doctrine prohibits the relitigation of legal or factual issues in a second lawsuit that were determined in the initial action. Horner v. Whitta (Mar. 16, 1994), Seneca App. No. 13-93-33, unreported, citing Island v. Board (1982),69 Ohio St.2d 241, 244.
The law in Ohio is clear, however, that res judicata does not apply where new facts or conditions have transpired:
 The general rule in Ohio is that where there has been a change in the facts since a decision was rendered in an action, which either raises a new material issue or which would have been relevant to the resolution to a material issue involved in the earlier action, the doctrine of res judicata or collateral estoppel will not bar litigation of that issue in a later action.
 Quality Ready Mix, Inc. v. Schumann (June 23, 1992), Auglaize App. No. 2-91-18, unreported, citing 63 Ohio Jurisprudence 223-24, Judgments Section 435.
Despite Appellants' arguments that res judicata should preclude the BZA from denying the variance when it previously found that the land in question was not suitable for farming, we conclude otherwise. Indeed, in the first case, the BZA stated that the zoning ordinance should not be applied so strictly as to prohibit Appellants from constructing a home on the 16 acre parcel. In addition to finding that the land was not suitable for farming, the BZA also stated that the variance was appropriate because it would not damage the public good and would not "substantially [impair] the intent and purpose of the Washington Township Zoning Resolution."
The instant matter presents a significantly different set of facts. Appellants are now requesting the BZA to approve another residence on a parcel of land substantially smaller than the requisite 35 acres. Regardless of its findings on the feasibility to farm the land, the BZA clearly did not answer the question of whether two homes would substantially impair the purpose of the zoning resolution or the public good. Thus, because this case involves new facts that the BZA obviously never considered, the board is not bound by its prior decision, as Appellants suggest. Accordingly, Appellants' first assignment of error is overruled.
Assignment of Error III
 The Court of Common Pleas of Hancock County, Ohio, erred in affirming the Board of Zoning Appeals of Washington Township.
 In administrative appeals filed pursuant to R.C. Chapter 2506, the common pleas court must decide whether the administrative record contains a preponderance of substantial, reliable, and probative evidence to support the board's decision. Mad River Sportsman's Club v. Jefferson Twp. (1993), 92 Ohio App.3d 273, 277; R.C. 2506.04. In so doing, the common pleas court is cautioned not to substitute its own judgment for that of the board. Dudukovich v. Lorain Metro. Hous. Auth.
(1979), 58 Ohio St.2d 202, 207. The function of the appellate court is then limited to the determination of whether the court of common pleas correctly applied this standard of review. Mad River Sportsman's Club, 92 Ohio App.3d at 277.
Appellants specifically argue herein that the BZA erred in refusing to find that Appellants experienced "practical difficulties" in conforming to the 35 acre requirement. For the reasons that follow, we find this argument without merit.
The party seeking a variance has the burden of proof on the issue before the board. Hebeler v. Colerain Twp. Bd. of Zoning
(1997), 116 Ohio App.3d 182, 185. R.C. 519.14 governs the powers of a township board of zoning appeals. Relevant to this matter is the power to grant a variance, which is codified in R.C.519.14(B):
The township board of zoning appeals may:
 (B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done.
 The Supreme Court of Ohio has stated that the "unnecessary hardship" standard is applicable only in the case of a use variance. Kisil v. Sandusky (1984), 12 Ohio St.3d 30. An "unnecessary hardship" does not exist unless the property is not conducive to any of the uses permitted by the zoning resolution. See generally, Fox v. Johnson (1971), 28 Ohio App.2d 175, 181.
In the case of an area variance, a lesser standard is required. An applicant for an area variance is obligated to demonstrate "practical difficulty". Kisil v. Sandusky, 12 Ohio St.3d 30. Generally, "practical difficulties" are experienced when the zoning requirement unreasonably deprives an owner of the permitted use of the property. Hebeler, 116 Ohio App.3d at 187; Duncan v.Middlefield (1986), 23 Ohio St.3d 83, 86. Several factors are to be considered when making the determination as to whether "practical difficulties" exist. These factors include:
 (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services; (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some other method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.
 Duncan at the syllabus.
Appellants contend that the lesser "practical difficulty" standard should be employed in this case because the central issue here is area, i.e. the thirty-five acre requirement, rather than use. The BZA, on the other hand, maintains that the "unnecessary hardship" standard should apply due to the fact that the Smiths applied for a use variance since the zoning resolution prohibits the land to be used for residential purposes under these circumstances. We find it needless to resolve the issue since, regardless of what type of variance is involved in this case; the evidence fails to support either of the above standards.
As we have already pointed out, the doctrine of res judicata
does not apply to this matter. Appellants, the record owners of the property in question, did not attend the hearing to testify as to the impact that a denial of the variance would have. The only testimony came from Aaron Smith who merely stated that he signed the conditional purchase agreement because he was under the impression that the BZA would be compelled to grant the variance since Appellants were able to secure one. There is no evidence whatsoever to satisfy either the "practical difficulty" or "unnecessary hardship" standard. Therefore, Appellants' third assignment of error is overruled.
Assignment of Error II
 The Court of Common Pleas of Hancock County, Ohio, erred in affirming the Board of Zoning Appeals' decision after the later allowed unsworn testimony and public opinion.
 Testimony of witnesses may be by oral examination, deposition, or affidavit. Acaro Bros. Builders, Inc. v. N. College Hill Zoning Bd. of Appeals (1966), 7 Ohio St.2d 32, 33. In order to contain any evidentiary value, the testimony must be made under oath. Id. at 33-34. "Although the administration of the oath at trial or at an administrative hearing may be expressly or impliedly waived, when no such waiver is apparent on the record, unsworn testimony cannot provide the preponderance of substantial, reliable and probative evidence necessary to support an administrative decision." Gibraltar Mausoleum Corp. v. Toledo (1995), 106 Ohio App.3d 80, 85, citing Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 206.
The transcript of the July 6, 1999 hearing demonstrates that several spectators expressed their disapproval of the variance without the benefit of the oath. Aaron Smith's attorney objected to the unsworn statements, however, the BZA continued to allow the comments. Thus, according to Gibraltar and Dudukovich, we are obliged to consider the record without these remarks to determine whether the trial court's decision was supported by the requisite amount of evidence. In so doing, we find that the record contains substantial, probative and reliable evidence to support the trial court's affirmance of the order denying the variance. Accordingly, Appellants' second assignment of error is overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., and SHAW, J., concur.