[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Volpenhein Brothers Electric, Inc., ("Volpenhein") owns three parcels of land in Colerain Township, lots 17, 18 and 19, that are zoned in a "B" Residence District. In 1962, prior to Volpenhein's ownership, a nonconforming-use certificate was issued for lot 18 for a residence/hardware store. Since that time, various nonconforming uses have been carried out in the building on lot 18. Most recently, lot 18 has been used as Volpenhein's general office for its electrical-contracting business. The only nonconforming-use certificate that had been issued to Volpenhein was for an insurance office/residence. That certificate was issued in 1994.
Volpenhein received various citations for zoning violations. The property was being used to store equipment and park vehicles related to the Volpenhein business. In 1995, Volpenhein applied for a zone change from "B" Residence District to "FF" Light Industrial. The zone change was approved, but Volpenhein withdrew the application.
In 1998, Volpenhein applied for a compatible nonconforming use to increase the usable area of the property. Volpenhein sought to expand the nonconforming use to lots 17 and 19. Volpenhein wanted to construct a building to store equipment and materials. The Colerain Township Board of Zoning Appeals granted Volpenhein's application for the expansion of the nonconforming use. Plaintiffs-appellees, neighboring property owners, appealed to the Hamilton County Court of Common Pleas, which reversed the decision of the board of zoning appeals. Volpenhein has appealed, raising three assignments of error for our review.
We first address Volpenhein's second assignment of error, which alleges that the trial court erred in finding that Volpenhein had abandoned its nonconforming use of lot 18.
In approving Volpenhein's application for the expansion of the nonconforming use, the board of zoning appeals necessarily found that Volpenhein had not abandoned its nonconforming use. After reviewing the record, we hold that the board of zoning appeals' determination on this issue was supported by substantial, reliable and probative evidence and was not unconstitutional, illegal, arbitrary, capricious or unreasonable. Therefore, the trial court abused its discretion in reversing the board of zoning appeals' determination on abandonment. See R.C. 2506.03 and R.C. 2506.04; Dudukovich v. Lorain Metropolitan HousingAuth. (1979), 58 Ohio St.2d 202, 389 N.E.2d 1113; Hebeler v. ColerainTwp. Bd. of Zoning Appeals (1997), 116 Ohio App.3d 182, 687 N.E.2d 182. However, this error was not prejudicial to Volpenhein in light of our resolution of the remaining assignments of error. The second assignment of error is, accordingly, overruled.
Volpenhein's first and third assignments of error, alleging that the trial court erred in reversing the decision of the board of zoning appeals, are overruled. The decision of the board of zoning appeals allowed Volpenhein to consolidate lots 17, 18 and 19, and to expand the nonconforming use to lots 17 and 19.
A nonconforming use is restricted to the parcel of land that was nonconforming at the time the zoning restriction was enacted. See Bd. ofTrustees of Jefferson Twp. v. Sunset Ramblers Motorcycle Club, Inc.
(Feb. 11, 1993), Crawford App. No. 3-92-42, unreported; Randolph Twp.Trustees v. Portage Cty. Agricultural Society (June 30, 1992), Portage App. No. 91-P-2384, unreported; Deerfield Twp. Trustees v. BuckeyeFireworks and Novelty Co., Inc. (Feb. 20, 1987), Portage App. No. 1599, unreported; Slough v. Selby (May 25, 1983), Butler App. No. CA81-10-0098, unreported; Rolfes v. Bd. of Zoning Appeals of Goshen Twp.
(Sept. 15, 1975), Clermont App. No. 565, unreported. A nonconforming use may not be extended to adjacent land areas. Id. This is true whether the land was acquired before or after the enactment of the zoning ordinance. See Rolfes v. Bd. of Zoning Appeals of Goshen Twp., supra. Therefore, the trial court did not err in reversing the decision of the board of zoning appeals that permitted Volpenhein to expand the nonconforming use to lots 17 and 19.
Section 32.2 of the Colerain Township Zoning Resolution provides the following:
 The lawful use of any dwelling, building or structure, land or premises as existing and lawful at the time of adoption of this Resolution or amendment thereto, may be continued although such use does not conform with the provisions of this Resolution or amendment. If no structural alterations are made, a non-conforming use of a building may be changed to another non-conforming use of the same or of a more restricted classification. Whenever a non-conforming use has been changed to a more restricted use or to a conforming use, such use shall not thereafter be changed to a less restricted use.
The change in the use of the property from an insurance office/residence to an electrical-contracting business/residence, which is, as the trial court found, a light industrial use, involved a change to a less restricted use. Section 32.2 prohibits the issuance of a nonconforming-use certificate to change the property to a less restricted classification. Volpenhein's request for an expansion of the nonconforming use was tantamount to a request for a change in the zoning of the property to light industrial. The trial court was correct in stating that the proper procedure have been for Volpenhein to seek a zone change for the property. The trial court did not err in reversing the decision of the board of zoning appeals that permitted Volpenhein to put the property to a less restricted use.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.