**DSUBAN et al., Appellees,**

v.

**UNION TOWNSHIP BOARD OF ZONING APPEALS, Appellant.**

[Cite as *Dsuban v. Union Twp. Bd. of Zoning Appeals* (2000), 140 Ohio App.3d 602.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–03–055.

Decided Dec. 18, 2000.

*Maxwell N. Wear,* for appellees Anton John Dsuban . III and Mary Ann Dsuban.

*Manley, Burke & Lipton* and *Gary E. Powell,* for appellant.

POWELL, Presiding Judge.

Appellant, Union Township Board of Zoning Appeals ("the board") appeals the decision of the Butler County Court of Common Pleas finding the standards for variances in the Union Township Zoning Resolution invalid and illegal. We affirm the decision of the common pleas court.

Anton Dsuban III and Mary Ann Dsuban ("the Dsubans") own property in Union Township, Butler County. The property is a back lot located in a "M–2" General Industrial District under the Union Township Zoning Resolution.

The Dsubans' property has a fence topped with strands of barbed wire. This fence extends across the front yard of the property, which abuts the backyard of adjacent lots. The Union Township Zoning Resolution permits fences in an industrial district to be located in front, side, and rear yards of lots. Barbed wire is permitted only on fences located on the sides or rear of a lot. The Dsubans applied for a variance to allow the barbed wire to remain on the fence in the front yard of their property. The board, relying on the standards for granting a variance in the Union Township Zoning Resolution, denied the Dsubans' application.

Following the denial of their application, the Dsubans appealed the decision of the board to the Butler County Court of Common Pleas pursuant to R.C. Chapter 2506. The common pleas court reviewed the standards for variances in Union Township Zoning Resolution and concluded that they purported to create standards inconsistent with the standards promulgated by R.C. 519.14, and they were, therefore, illegal and invalid. The common pleas court remanded the case to the board to reconsider the Dsubans' application. The board appeals from the decision of the common pleas court and raises two assignments of error:

Assignment of Error No. 1:

"The trial court erred in deciding that the 'unnecessary hardship' standard for evaluating variances found in O.R.C. § 519.14 applied in this case, and therefore, also erred in declaring the sections of the Union Township Zoning Resolution relating to variances invalid and illegal."

In their first assignment of error, the board argues that the common pleas court erred by finding the standards for variances in the Union Township Zoning Resolution invalid and illegal. The board argues that the standards in the resolution are valid because they are based on the "practical-difficulties" test formulated by the Ohio Supreme Court for assessing the validity of granting "area" variances. According to the board, "[a]ll Ohio District Courts of Appeal[s] that have addressed the proper standard to be applied to a non-use variance case in a township or county have applied the 'practical difficulties' standard."

A variance permits a property owner to use his property in a manner that is prohibited by zoning regulations. *Nunamaker v. Jerusalem Twp. Bd. of Zoning Appeals* (1982), 2 Ohio St.3d 115, 118, 2 OBR 664, 666–667, 443 N.E.2d 172, 174–175. A variance results in a departure from the literal enforcement of a zoning ordinance or resolution. *Id.* Ohio courts have recognized two distinct types of variances: use and area. A use variance allows a landowner to use existing property in a manner that is inconsistent with uses of surrounding property and is not permitted by a zoning regulation. *Craig v. Kent City Council* (Aug. 2, 1991), Portage App. No. 90–P–2247, unreported, 1991 WL 147437, citing 6 Rohan, Zoning and Land Use Controls (1984), Section 43.01(Z). An area variance authorizes deviations from restrictions upon the construction and placement of buildings and other structures such as modification of area, yard, height, floor space, frontage, density, setback, and similar restrictions. *Id.*

In cases involving municipal corporations, Ohio courts have adopted separate standards for determining the appropriateness of granting a use variance or an area variance. Generally, a use variance should be granted whenever a property owner demonstrates that the literal enforcement of the zoning regulation to his property creates an "unnecessary hardship." See *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 32–33, 12 OBR 26, 27–29, 465 N.E.2d 848, 851. An area variance should be granted whenever a property owner demonstrates that a zoning regulation causes "practical difficulties." *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 86, 23 OBR 212, 214–215, 491 N.E.2d 692, 695–696.[1]

Contrary to appellants' argument, Ohio appellate courts are split on whether the separate standards used for use and area variances in municipal corporations apply to townships. The Ohio Supreme Court has not directly determined the issue.[2]

---

1. The factors to be weighed in determining whether a property owner seeking a variance has encountered practical difficulties include:

 "(1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.,* water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." *Duncan* at 86, 491 N.E.2d at 695–696.

2. *Kisil* and *Duncan* are written with sweeping language, which might imply that the standards are identical for municipal corporations and townships. For example, the court in *Kisil* broadly stated:

The minority view among Ohio appellate courts is that the General Assembly has limited the power of townships to grant a variance to only those cases in which the zoning resolution causes unnecessary hardship to the landowner. See, e.g., Cole v. Marion Twp. Bd. of Zoning Appeals (1973), 39 Ohio App.2d 177, 181, 68 O.O.2d 363, 365–366, 317 N.E.2d 65, 67–68; Zickefoose v. Green Twp. Bd. of Zoning Appeals (Sept. 7, 2000), Ashland App. No. 99–COA–01307, unreported, 2000 WL 1289429. There is no distinction drawn between area or use variances. See id. These decisions are premised on the fact that R.C. 519.14, the statute that outlines the powers of a township zoning board of appeals, specifically allows variances only where literal enforcement of a zoning resolution results in unnecessary hardship. Id.

A majority of Ohio appellate courts have applied to townships the separate standards for use and area variances used in the context of municipal corporations. See, e.g., Hebeler v. Colerain Twp. Bd. of Zoning (1997), 116 Ohio App.3d 182, 186–187, 687 N.E.2d 324, 326–327; Zangara v. Chester Twp. Trustees (1991), 77 Ohio App.3d 56, 58–59, 601 N.E.2d 77, 78–79. These decisions hold that the practical-difficulties standard promulgated in Duncan and Kisil is the proper standard to be applied for granting a variance that relates only to area requirements. See id. The decisions are premised on the assumption that the Supreme Court intended a unified standard of review in area variance cases, notwithstanding the distinctions between municipalities and townships. See Hebeler at 186, 687 N.E.2d at 326–327; Zangara at 59, 601 N.E.2d at 79. This assumption is "based on the fact that the underlying character type of an 'area' variance or 'use' variance does not change depending upon whether application is made to a municipal or township authority." Zangara at 59, 601 N.E.2d at 79.

This court has not previously addressed the distinction between municipalities and townships to determine the correct standard for granting a variance. We disagree with the majority approach that the distinction between municipalities and townships does not impact the standard for granting or denying variances. In the words of Justice Cardozo, "[t]he principle of the distinction is for the present purposes the important thing." MacPherson v. Buick Motor Co. (1916), 217 N.Y. 382, 385, 111 N.E. 1050, 1051. For the reasons that follow, we expressly adopt the minority view in Cole and hold that a township may grant either an

---

"The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties." Kisil at syllabus.

However, both Kisil and Duncan involved municipal corporations, not townships. Neither decision addresses the appropriateness of applying the practical-difficulties test to townships.

area variance or a use variance only where literal enforcement of the zoning resolution will result in unnecessary hardship.

■ Zoning regulations are enacted through a government's exercise of its police power. *Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; *Holiday Homes, Inc. v. Butler Cty. Bd. of Zoning Appeals* (1987), 35 Ohio App.3d 161, 165, 520 N.E.2d 605, 609–610. Generally, Section 1, Article II of the Ohio Constitution entrusts the police power of the state of Ohio to the General Assembly. However, the Home Rule Amendment contained in Section 3, Article XVIII of the Ohio Constitution directly grants police powers to municipalities:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

■ Thus, as a general proposition, Ohio municipal corporations derive their power to enact zoning regulations directly from the Ohio Constitution and this power exists independent of statutory provisions that authorize zoning.[3]

■ Unlike municipalities, the police power authority of townships to enact zoning ordinances is not inherent, nor does it derive from a constitutional provision. *Torok v. Jones* (1983), 5 Ohio St.3d 31, 32, 5 OBR 90, 91, 448 N.E.2d 819, 820–821. The zoning power of a township is a police power delegated to the township by the General Assembly. *Yorkavitz v. Columbia Twp. Bd. of Trustees* (1957), 166 Ohio St. 349, 2 O.O.2d 255, 142 N.E.2d 655, paragraph one of the syllabus. As such, "[t]he zoning authority possessed by townships in the state of Ohio is limited to that which is specifically conferred by the General Assembly." *Bd. of Bainbridge Twp. Trustees v. Funtime, Inc.* (1990), 55 Ohio St.3d 106, 563 N.E.2d 717, paragraph one of the syllabus.[4] Accordingly, to the extent that a zoning regulation or rule violates an explicit statutory command of the General

---

**3.** There is a distinction, not important for the purposes of this case, between charter and non-charter municipalities. Generally, cities and villages that have not adopted a charter must follow the enabling acts in R.C. 713.01 *et seq. Wintersville v. Argo Sales Co.* (1973), 35 Ohio St.2d 148, 64 O.O.2d 88, 299 N.E.2d 269, paragraph one of the syllabus; *Hausmann & Johnson v. Berea Bd. of Bldg. Code Appeals* (1974), 40 Ohio App.2d 432, 435–436, 69 O.O.2d 379, 381–382, 320 N.E.2d 685, 687–688. Municipal charters do not need to follow the Revised Code for enacting, amending, or administering a zoning ordinance, unless the charter does not specify such procedures. See *Hausmann* at 435–436, 69 O.O.2d at 381–382, 320 N.E.2d at 687–688; R.C. 713.14.

**4.** The same principle is true for Ohio counties. See *Holiday Homes*, 35 Ohio App.3d at 165, 520 N.E.2d at 609–610.

Assembly, it as preempted and is therefore invalid and unenforceable. *Newbury Twp. Bd. of Trustees v. Lomak Petroleum* (1992), 62 Ohio St.3d 387, 583 N.E.2d 302, paragraph one of the syllabus. See, also, *Funtime* at paragraph two of the syllabus; *Crist v. True* (1973), 39 Ohio App.2d 11, 12, 314 N.E.2d 186; *Cole,* 39 Ohio App.2d at 181, 317 N.E.2d at 67–68.

R.C. Chapter 519 grants townships limited zoning authority. R.C. 519.14 specifically outlines the powers of a township board of zoning appeals and, with regard to granting variances, provides:

"The township board of zoning appeals may:

"* * *

"(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.]"

 It is the duty of this court to give effect to the plain and concise meaning of the words used in a statute, not to insert new words. *State ex rel. Rodgers, v. Hubbard Local Bd. of Edn.* (1984), 10 Ohio St.3d 136, 10 OBR 458, 461 N.E.2d 1308. R.C. 519.14 does not distinguish between a use variance and an area variance. There is no mention of the practical-difficulties standard. Rather, 519.14 explicitly authorizes the granting of variances from a township resolution where "a literal enforcement of the resolution will result in an *unnecessary hardship* * * *."[5] (Emphasis added.) Accordingly, a township resolution that purports to create a standard for granting variances different from R.C. 519.14 is invalid and unenforceable.[6]

---

5. R.C. 303.14(B) contains an identical provision for counties. The enabling language for municipalities is broader. It refers to the general power of a municipal board to "permit exceptions to and variances from the district regulations in the classes of cases or situations specified in the regulations." R.C. 713.11(A). Thus, unlike townships and counties, there is no specific standard in the Revised Code for municipal corporations to administer variances. This further highlights the inappropriateness of comparing township or county variances to municipal variances.

6. In *Rumpke Rd. Dev. Corp. v. Union Twp. Bd. of Zoning* (Feb. 24, 1997), Clermont App. No. CA96–11–099, unreported, 1997 WL 86311, this court analyzed a similar issue regarding the power of a township to authorize a variance, but this court's analysis was based upon the practical-difficulties test relevant to municipal corporations. Based on our decision today, that analysis was clearly in error. For that reason, we expressly disapprove of the reasoning and analysis in *Rumpke.* Unnecessary hardship is the appropriate standard for analyzing township variances.

In this case, the Union Township Zoning Resolution provides for the granting of variances as follows:

"**8.052** *Standards for Variances.* The Board may grant variances where by reason of the exceptional narrowness, shallowness or unusual shape of a specific piece of property on the effective date of this Resolution, or by reason of exception topographic conditions, or other extra ordinary situation or condition of such piece of property, or of the use or development of property immediately adjoining the piece of property in question, the literal enforcement of the requirements of this Resolution would involve practical difficulty or would cause unnecessary hardship-unnecessary to carry out the spirit and purpose of this Resolution.

"**8.0521** No such variances in the provisions or requirements of this Resolution shall be authorized by the board unless the Board determines that all of the following facts and conditions exist:

"a) The subject property is exceptional as compared to other parcels subject to the same provision by reason of unique physical condition, irregular or substandard shape or size; exceptional topographical features; or the extraordinary physical conditions peculiar to and inherent in the subject property that amount to more than a mere inconvenience to the owner and that relate to or arise out of the parcel rather than the personal situation of the current owner of the parcel.

"b) The carrying out of the strict literal enforcement of the provision from which the variance is sought would deprive the owner of substantial rights commonly enjoyed by owners of other parcels subject to the same provision.

"c) That the authorizing of such variance will not be of substantial detriment to adjacent property, and will not materially impair the purposes of this Resolution or the public interest.

"d) That the alleged hardship or difficulty has not been self-created or is not merely the inability of the owner or occupant to enjoy some special privilege or additional right not available to owners or occupants of the other lots subject to the same provision, nor merely an inability to make more money from the subject property."

Union Township's standards for variances is an amalgamation of the unnecessary hardship and practical-difficulties standards. The standards for variances in Union Township's Zoning Resolution exceeds the authority specifically granted by the General Assembly pursuant to R.C. 519.14. As a result, the common pleas court correctly determined that the standards are invalid and unenforceable. The board's first assignment of error is overruled.

Assignment of Error No. 2:

"The trial court erred in overturning the Union Township Board of Zoning Appeals' decision denying the Dsubans' variance application where the record contained no evidence of their entitlement to a variance under Ohio law or the Union Township Zoning Resolution."

In their second assignment of error, the board maintains that the common pleas court erred in reversing the board's decision to deny a variance to the Dsubans because the record contained no evidence demonstrating that the Dsubans meet either the unnecessary hardship or the practical-difficulties standard.

The common pleas court, pursuant to R.C. 2506.04, reviewed the board's administrative decision denying appellees a variance. Under R.C. 2506.04, a common pleas court may find that an administrative decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." In this case, the common pleas court determined that the board's decision was illegal because it was based on an invalid and illegal standard. Because of its disposition of the case, the common pleas court did not review the evidence to determine whether the Dsubans should have been granted a variance under R.C. 519.14. Since the common pleas court did not reverse the decision of the board on the basis of evidence, the board's second assignment of error is moot.

*Judgment affirmed.*

WILLIAM W. YOUNG and VALEN, JJ., concur.