[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal in which plaintiffs- appellants, William and Regina Thompson, appeal the decision of the Butler County Common Pleas Court affirming the Morgan Township Board of Zoning Appeal's ("BZA") denial of their request for a variance.
Appellants requested an area variance to permit the sale of their parcel of property for residential construction without the requisite two hundred feet of road frontage. Appellant's parcel has approximately 72.41 feet of road frontage.
Section 21.422 of the Morgan Township Zoning Ordinance requires that the BZA apply several factors to determine whether the applicant for an area variance has shown that he or she will encounter practical difficulties in the use of the property without the variance. Using this practical difficulties test at the hearing on the variance application, the BZA denied appellants' request for a variance. The trial court upheld the denial of the variance under the practical difficulties standard and appellants filed this appeal, raising two assignments of error.
Appellants' first assignment of error states that the trial court erred in affirming the BZA decision that was illegal, arbitrary, capricious, and unreasonable or was unsupported by the preponderance of substantial, reliable and probative evidence. Specifically, appellants argue that they carried their burden of showing practical difficulties in the use of their property without an area variance.
The zoning authority possessed by townships in Ohio is limited to that which is specifically conferred by the General Assembly. Dsuban v. UnionTownship Board of Zoning Appeals (2000), 140 Ohio App.3d 602 at 608. R.C. 519.14, which outlines the powers of a township zoning board of appeals, does not distinguish between area and use variances and does not mention the practical difficulties standard. Dsuban at 609. R.C. 519.14
authorizes the granting of variances only where literal enforcement of a zoning resolution results in unnecessary hardship. Id. A township resolution that purports to create a standard for granting variances different from R.C. 519.14 is invalid and unenforceable. Id.
In light of our decision in Dsuban, we hold that the trial court erred as a matter of law in concluding that there existed a preponderance of reliable, probative, and substantial evidence to uphold the BZA's denial of the variance under the practical difficulties standard. We reverse and remand to the trial court to review the BZA's decision under the proper standard, as enumerated in R.C. 505.14. Appellant's first assignment of error is sustained.
We overrule appellant's second assignment of error concerning the constitutionality of the BZA's decision. The trial court did not abuse its discretion when it ruled that appellant failed to demonstrate beyond fair debate that the zoning ordinance concerning the road frontage requirement of two hundred feet denied them the economically viable use of their land and did not substantially advance a legitimate interest in the health, safety, or welfare of the community. Columbia Oldsmobile,Inc. v. Montgomery (1990), 56 Ohio St.3d 60, 62; see, also, State exrel. Shemo v. Mayfield Hgts. (2002), 95 Ohio St.3d 59, 63 (clarifies that satisfaction of either prong of test establishes a taking). Further, the trial court did not abuse its discretion by failing to hold a separate hearing on the constitutionality issue. See Court Street Development v.Stow City Council (Aug. 30, 2000), Summit App. No. 19648, unreported, at 3-4.
Judgment affirmed in part and reversed in part and remanded to the trial court for proceedings consistent with this entry.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed against defendants-appellees, Nick Schwab and Morgan Township Board of Zoning Appeals.
William W. Young, Presiding Judge, Anthony Valen, Judge, Stephen W. Powell, Judge.