OPINION
{¶ 1} Thomas Winfield ("Winfield") appeals the June 23, 2003 judgment entry of the Lake County Court of Common Pleas affirming the decision of the Painesville Zoning Board of Appeals ("Board"). For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} In 2000, Winfield acquired property in the City of Painesville, which is zoned multi-family residential. Winfield developed plans to build 24 multi-family condominiums on the property. The proposed condominium complex would be accessed from West Walnut Street via a private street, with each unit being connected to the private street by a driveway.
 {¶ 3} Since Winfield did not agree with Painesville's interpretation of the zoning code regarding parking spaces and setbacks, Winfield filed a request with the Board to interpret the relevant sections of the zoning code. On September 20, 2001, after conducting a hearing on the matter, the Board upheld Painesville's interpretation of the zoning code.
 {¶ 4} Winfield timely appealed the Board's decision to the Lake County Court of Common Pleas. The trial court affirmed the Board's decision on June 23, 2003. Winfield timely appealed the trial court's decision and raises the following assignment of error:
 {¶ 5} "The trial court erred to the appellants' prejudice and abused its discretion when it affirmed the Board's decision which was arbitrary, unreasonable, capricious, and unsupported by the preponderance of evidence."
 {¶ 6} In his sole assignment of error, Winfield argues that the private street was common property and, thus, was not a "property line" for zoning purposes. Winfield, therefore, argues that his proposed use of the driveway as a second parking space met all the setback requirements of the zoning code.
 {¶ 7} In an administrative appeal, the court of common pleas "may reverse the board if it finds that the board's decision is not supported by a preponderance of reliable, probative and substantial evidence. An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court abused its discretion." Lorain City School Dist. Bd. of Edn. v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
 {¶ 8} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 9} A multi-family dwelling in Painesville requires two off-street parking spaces per unit. Painesville Codified Ordinances 1137.04(a). "Each off street parking space shall be a minimum of 180 square feet in area and have a minimum width of 9 feet." Painesville Codified Ordinances 1137.03(a)(1). "Parking for all multi-family units shall be considered an accessory structure or use and shall be regulated by the requirements for accessory structures set forth in this ordinance." Painesville Codified Ordinances 1137.07(a)(3).
 {¶ 10} In multi-family developments, the minimum front
setback for all dwellings and accessory structures is 25 feet "from the edge of pavement or back of curb for privatestreets." Painesville Codified Ordinances 1131.05(e)(4) (emphasis added). All setbacks are also required to be at least 20 feet from any property line. Painesville Codified Ordinances 1131.05(e)(5). Construing the ordinances together and giving each full effect, see Lake Metroparks Bd. of Commrs. v. Norfolk W.Ry. Co. (1999), 131 Ohio App.3d 412, 417-418, multi-family dwellings and accessory structures must maintain a front, side and rear setback of at least 20 feet from any property line and
the front setback must be at least 25 feet from the edge of the pavement or the back of the curb of the private street.
 {¶ 11} In this case, the uncontroverted evidence established that Winfield's proposed use of the driveway as a second parking space would not meet a front setback minimum of 25 feet from the edge of the pavement or the curb of the private street. In fact, Winfield concedes this fact on appeal. Thus, since Winfield's proposed multi-family development does not meet the necessary setback requirements of Painesville Codified Ordinances 1131.05(e)(4), we cannot find that the trial court's decision to uphold the Board's interpretation was unreasonable, arbitrary or unconscionable.
 {¶ 12} For the foregoing reasons, we hold that Winfield's sole assignment of error is without merit. The decision of the Lake County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.