OPINION
{¶ 1} Appellants, City of Painesville and the Board of Zoning Appeals for the City of Painesville (collectively "Painesville"), appeal the February 26, 2004 decision of the Lake County Court of Common Pleas reversing the Board of Zoning Appeals' denial of an area variance in favor of appellees, Thomas Winfield and Winfield Construction, Inc. (collectively "Winfield"). For the following reasons, we affirm the decision of the lower court.
 {¶ 2} In October 2000, Winfield met with officials from the City of Painesville, including the city engineer and community development manager, to discuss the development of a triangular, 91,258 square-foot piece of property, located to the north of West Walnut Street and behind Marion Avenue, as condominiums. The proposed development provided for 24 multi-family units accessed by a private street. According to Section 1137.04 of the Painesville Codified Ordinances, each multi-family dwelling must be provided with two parking spaces per unit. For planning purposes, parking for multi-family dwellings is considered an "accessory structure." Painesville Codified Ordinances 1131.05(e). Therefore, such parking is subject to the zoning requirement for multi-family dwellings that "[f]ront setbacks shall be measured from the edge of pavement or back of curb for private streets. A minimum 25 foot front setback shall apply." Painesville Codified Ordinances 1131.05(e)(4). See, also Winfieldv. Painesville, 11th Dist. No. 2003-L-117, 2004-Ohio-5626, at ¶¶ 9-10.
 {¶ 3} The proposed development addresses these requirements by having a single-car garage attached to each unit and by having the space located in front of the garage serve as the second parking space. Although the garages would sit twenty-five feet back from the private drive, the space in front of the garages would be less than twenty-five feet from the pavement of the drive.
 {¶ 4} At this time, the city engineer rendered an opinion that there would be no problem with parking for the proposed development. In December 2000, Winfield purchased the property. Thereafter, Winfield submitted the formal application for the proposed development to the city planning commission. In July 2001, Winfield was informed, for the first time, that the proposed development did not comply with Painesville's planning and zoning ordinances because the second parking space did not sit twenty-five feet back from the pavement of the private drive.
 {¶ 5} Winfield sought two area variances for the proposed development. The first variance sought to reduce the twenty-five feet setback requirement for multi-family structures to five feet. The second variance sought to reduce the number of parking spaces required for multi-family dwellings from two spaces to one space. The zoning board denied both requested variances.
 {¶ 6} Winfield appealed the zoning board's decision to the court of common pleas. The court of common pleas reversed the zoning board's decision on the first requested area variance and ordered the zoning board to grant "an area variance of Section 1131.05(e)(4) of the Painesville Zoning Code to allow a 20-foot reduction of the required 25-foot setback for the accessory use of parking." The trial court declared Winfield's appeal of the second requested area variance moot.
 {¶ 7} Painesville appeals and raises the following assignments of error:
 {¶ 8} "[1.] The Trial Court erred as a matter of law prejudicial to appellants when it found that the decision of the Painesville Board of Zoning Appeals was not supported by a preponderance of reliable, probative and substantial evidence on the whole record.
 {¶ 9} "[2.] The trial court erred as a matter of law, prejudicial to appellants, when it reversed the decision of the Board of Zoning Appeals and the decision of the trial court constitutes an abuse of discretion by the trial court.
 {¶ 10} "[3.] The trial court erred as a matter of law when it used material misstatements of a City Official (detrimental reliance) as one of the factors in favor of granting a variance when it found that the decision of the Painesville Board of Zoning Appeals was not supported by a preponderance of reliable, probative and substantial evidence on the whole record.
 {¶ 11} "[4.] The trial court erred as a matter of law when it used the standard of "substantial justice" as one of the factors in favor of granting a variance when it found that the decision of the Painesville Board of Zoning Appeals was not supported by a preponderance of reliable, probative and substantial evidence on the whole record."
 {¶ 12} When a trial court reviews the decision of a board of zoning appeals, the court "may reverse the board if it finds that the board's decision is not supported by a preponderance of reliable, probative and substantial evidence. An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34.
 {¶ 13} The standard for granting an area variance requires the applicant to demonstrate "practical difficulties"; i.e. "the property owner is required to show that the application of an area zoning requirement to his property is inequitable." Duncan v. Middlefield
(1986), 23 Ohio St.3d 83, 86; Kisil, 12 Ohio St.3d 30, at syllabus. "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Id. at syllabus. The Painesville planning and zoning code provides an additional factor to be considered in granting or denying an area variance: "8. Whether the granting of the variance will be contrary to the general purpose, intent and objective of the Zoning Code or other adopted plans of the City of Painesville." Painesville Codified Ordinances 1141.05(c)(1)(A).
 {¶ 14} In the trial court's well-written judgment entry, the trial court found in Winfield's favor on the first Duncan factor, holding: "There was no testimony before the Board to show that the property will yield a reasonable return on the owner's investment without the variance. The testimony on this subject by the owner, Thomas Winfield, and by the Realtor, Colleen Moore, was credible and established that without the variance, the owner would not be able to yield a reasonable return on his investment. The owner's quandary in this regard is further exacerbated by the fact that he purchased the property only after receiving various indications from the City that his preliminary plans would not require any variances or public meetings. As it turns out, the City's indications were incorrect. The preponderance of the evidence shows that without the requested variance, the property will not yield a reasonable return on the owner's investment. * * * Although there was credible testimony that it was possible to make `a' beneficial use of the property without the variance[, the testimony failed to show that such use would be economically feasible for Winfield.]"
 {¶ 15} The trial court found for Painesville on several of the factors in the Duncan test: (2) the variance is substantial, (3) the variance would substantially alter the essential character of the neighborhood, (4) the variance would adversely affect the delivery of governmental services,[1] and (7) the evidence did not establish that the spirit and intent of the zoning requirement would be observed.
 {¶ 16} As to other Duncan factors, the trial court found in Winfield's favor: "There is some evidence in the record to support the Board's conclusion that the proposed variance may cause visitors to try to park on streets adjacent to the subdivision or in other areas of the neighborhood. However, the court concludes that the preponderance of the evidence favors the conclusion that the proposed variance would not causesubstantial detriment to the adjoining properties."
 {¶ 17} "The preponderance of the evidence established that the owner bought the property without knowing that the front setback requirements would prevent the driveway from being designated as the second required parking space. * * *"
 {¶ 18} "The preponderance of the evidence established that the owner's predicament can not feasibly be obviated through some method other than a variance. * * *"
 {¶ 19} Ultimately, the trial court focused on the language in the seventh factor in the Duncan test — "whether . . . substantial justice [is] done by granting the variance." Duncan, 23 Ohio St.3d at 86. The trial court found that, "in light of the City's erroneous statements that misled the plaintiffs-appellants about the existence of a zoning problem with using the driveways as the second parking space for each unit, the preponderance of the evidence did establish that substantial justice would be done by granting the ordinance."
 {¶ 20} We find and accept the trial court's holdings relative to theDuncan factors, including the finding concerning "substantial justice," as supported by competent and credible evidence. Nicholas Co., Inc. v.Aurora Bd. of Zoning Appeals, 11th Dist. No. 2001-P-0155, 2002-Ohio-6922, at ¶ 12 ("[w]hile the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law") (citation omitted).
 {¶ 21} We next consider the legal conclusion drawn from this evidence.
 {¶ 22} The trial court concluded that Winfield "found himself unexpectedly in need of an area variance to rescue the profitability of his investment because, in making that investment, he reasonably relied on material and erroneous statements by city officials who told him prior to his purchase that such a variance would not be required." Therefore, the court opined that "the denial of the requested variance in the setback requirement unreasonably deprived the owner of a permitted use of the property" and "[i]t would be unreasonable and inequitable * * * if the owner were forced to suffer a financial loss on his investment under [these] circumstances."[2] We agree.
 {¶ 23} In the present case, Painesville's representations induced Winfield's reliance to purchase the property and submit an application for the proposed condominium development. Painesville does not dispute this fact. Instead, the city argues that the trial court improperly considered the issue of "substantial justice" as a factor in rendering its decision — "substantial justice is not a factor in the Duncan case and it should never have been used by the trial court as a factor in its decision." Painesville is incorrect that the trial court may not consider whether application of a zoning ordinance would promote "substantial justice." In Duncan, the Ohio Supreme Court stated that "the `spirit' rather than the `strict letter' of [a] zoning ordinance should be observed so that `substantial justice [is] done'." Duncan,23 Ohio St.3d at 86 (citation omitted).[3] "In observing the spirit of an ordinance and attempting to do substantial justice, a zoning board of appeals or a reviewing court necessarily must weigh the competing interests of the property owner and the community." Id. The trial court was entitled to consider Winfield's reliance on Painesville's representations when weighing the relative interests of the competing parties to achieve "substantial justice."
 {¶ 24} The dissent maintains that the issue of Winfield's "reasonable reliance" on the erroneous representation of city officials was addressed in Winfield Construction, Inc. v. Oakton, Inc., 11th Dist. No. 2004-L-051, 2005-Ohio-3085, and that this decision constitutes res judicata and is determinative of the present appeal.
 {¶ 25} In Winfield Construction, this court held that, for purposes of a justifiable reliance/negligent misrepresentation claim, Winfield was charged with constructive notice of Painesville's procedures for approving development and, therefore, could not have reasonably relied on the representations of city officials. In that case, the issue of Winfield's reliance was essential to Winfield's claim of negligent misrepresentation.
 {¶ 26} The present case is not a tort action, but an administrative appeal. The issue in this case is whether substantial justice would be accomplished by granting the variance. In determining that issue, the reasonableness of Winfield's reliance is not directly at issue. Rather, the trial court had to decide if the granting of the variance was warranted under the circumstances, based on the consideration of many factors, including Painesville's responsibility for inducing Winfield's action. Simply put, the question before the court in this administrative case was not whether appellant justifiably relied on the city's actions, but rather whether substantial justice was served by denying the variance, despite the lack of such reliance. The trial court answered that question in the negative based on the court's application of theDuncan factors. That ruling is supported by the evidence in the record and the inclusion of the "substantial justice" language in Painesville's Code.
 {¶ 27} The dissent also maintains that consideration of the Duncan
factors, in particular the "substantial justice" factor, is not mandatory. The requirement that the Board consider the "substantial justice" of applying the zoning requirement, however, is mandated by Painesville's Codified Ordinances. See Painesville Codified Ordinances 1141.05(c)(1)(A)(7) ("[t]he factors to be considered and weighed by the Board in determining whether a property owner, seeking an area or setback variance, has proved practical difficulty include * * * whether * * * substantial justice [would be] done by the granting of the variance."). Consideration of substantial justice was mandatory in this case.
 {¶ 28} The trial court is not required to apply the Duncan factors mathematically. In this case, the trial court found in favor of granting the variance to appellant based on several of the Duncan factors. Those findings are supported by a preponderance of reliable, probative, and substantial evidence. While this court might weigh the Duncan factors differently, we do not have the authority to do so. Kisil,12 Ohio St.3d at 34.
 {¶ 29} For the foregoing reasons, Painesville's assignments of error are without merit. The decision of the Lake County Court of Common Pleas is affirmed.
Rice, J., concurs in judgment only,
Ford, P.J., dissents with a Dissenting Opinion.
[1] Captain Baker of Painesville's Fire Department approved Winfield's' site plan "based on the layout meeting minimum Code requirements."
[2] The dissent takes exception with the finding that the denial of the variance unreasonably deprives Winfield of a permitted use of his property, maintaining that the denial of the variance does not deprive Winfield of the beneficial use of his property, but only of the "greatest possible" beneficial use. The record does not support that conclusion. The trial court's findings on this factor are unequivocal: "There was notestimony before the Board to show that the property will yield a reasonable return on the owner's investment without the variance." While there may be other beneficial uses for Winfield's property, no evidence of that fact is before this court.
[3] While the representations made by Painesville's officials may not constitute grounds for estoppel, Machnics v. Sloe, 11th Dist. No. 2004-G-2554, 2005-Ohio-935, at ¶ 68, such erroneous representations can form a factual basis for a judicial determination as to "substantial justice" under Duncan. Estoppel would govern the disposition of this matter if the city had no variance procedure. However, Painesville expressly allows for area or technical variances. Therefore, the trial court could consider the city's conduct not as grounds for estoppel, but as an element of the Duncan test for area variances.