[Cite as *Snyder v. Leroy Twp. Bd. of Zoning Appeals*, 2024-Ohio-1856.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

DAYNA SNYDER, et al.,

        Plaintiffs-Appellants,

- vs -

LEROY TOWNSHIP BOARD OF
ZONING APPEALS, et al.,

        Defendants-Appellees.

**CASE NO. 2023-L-101**

Administrative Appeal from the
Court of Common Pleas

Trial Court No. 2023 CV 000226

# O P I N I O N

Decided: May 13, 2024
Judgment: Affirmed

*Erik L. Walter*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Plaintiffs-Appellants).

*Tonya J. Rogers*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendants-Appellees).

EUGENE A. LUCCI, P.J.

{¶1} Appellants, Dayna Snyder and Chad Diar, appeal the judgment of the trial court affirming the decision of appellee, the Leroy Township Board of Zoning Appeals ("the BZA"), which denied appellants' request for a zoning variance. We affirm.

{¶2} Appellants own certain real property located in a rural residential zoned district in Leroy Township. One residential structure and one accessory structure exist on the seven-acre property. A few months after appellants purchased the property in 2022, Diar filed an application for a zoning variance requesting that appellants be

permitted to lessen the front-yard setback requirement from 100 to 50 feet for purposes of constructing a second accessory structure (a garage) on the property. In the application, Diar maintained that three large existing trees would be disturbed if the accessory structure were constructed at the required 100-foot setback and that "underground utilities are also in the close area[.]"

{¶3} Thereafter, a public hearing was held on the variance application. The administrative record indicates that, at the hearing, appellants explained that the property is heavily wooded with large mature trees. Appellants indicated that the septic system is located behind the house. They further asserted that they could not build the garage behind the house due to the current placement of the structures on the property. Appellants maintained that adding on to the existing structures would be costly, and the proposed location would alleviate major reconstruction costs and loss of environmental benefits. Further, appellants indicated that, although the garage would not be visible from the road, it would have aesthetic appeal.

{¶4} After appellants spoke on this issue, the zoning inspector "recommended modifying the approval." The inspector agreed that there were limited areas to place the proposed garage, but placement in front of the house, as requested by appellants, was not ideal. The inspector recommended placing the garage adjacent to the current garage along the driveway, which would still require a front setback variance, but it would leave the large trees intact and allow for the added square footage that appellants requested. The BZA's findings of fact indicate that the front setback variance for the inspector's proposed placement would not be as substantial as that requested by appellants.

2

{¶5} After the inspector's testimony, two of the appellants' neighbors in attendance at the meeting stated that they had no objections to the variance requested by appellants. The board then reviewed various options prior to entering into executive session.

{¶6} Thereafter, the BZA unanimously voted to reject the requested variance. The minutes indicate that the BZA believed that there existed alternative locations on the property to build the garage that would keep with the spirit of the comprehensive plan, and the appellants could meet with the zoning inspector to discuss other possible modifications.

{¶7} On January 25, 2023, the BZA sent a letter to Diar denying the variance. Appellants filed an administrative appeal of the denial in the trial court, which affirmed the BZA's decision.

{¶8} Appellants now assign one error as follows:

{¶9} "The Trial Court's decision to affirm the decision of Appellee is not supported by the preponderance of substantial, reliable, and probative evidence on the whole record."

{¶10} On review of an administrative appeal under R.C. 2506.04, the common pleas court considers whether the administrative decision "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." However, on appeal to this court, our review is limited to "questions of law[.]" R.C. 2506.04; *Willow Grove, Ltd. v. Olmsted Twp. Bd. of Zoning Appeals*, 169 Ohio St.3d 759, 2022-Ohio-4364, 207 N.E.3d 779, ¶ 17 ("courts of appeals are authorized under R.C. 2506.04 to review only questions of law").

Case No. 2023-L-101

Included in the ambit of questions of law is whether the trial court abused its discretion in rendering its decision. *Nosse v. Kirtland*, 11th Dist. Lake No. 2022-L-032, 2022-Ohio-4161, ¶ 19. *See also Jones v. Hubbard Twp. Bd. of Zoning Appeals*, 11th Dist. Trumbull No. 2014-T-0041, 2015-Ohio-2300, ¶ 7 ("This court's review is whether, *as a matter of law*, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence." (Emphasis added.)); *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.'" *State v. Marcellino*, 2019-Ohio-4837, 149 N.E.3d 927, ¶ 23 (11th Dist.), quoting *State v. Flanagan*, 11th Dist. Ashtabula No. 2015-A-0020, 2015-Ohio-5528, ¶ 42, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

{¶11} Here, the trial court appropriately concluded that appellants' request involved an area variance, to which the "practical difficulties" standard applies. *Kisil* at syllabus; *Duncan v. Village of Middlefield*, 23 Ohio St.3d 83, 85-86, 491 N.E.2d 692 (1986). *See also 8491 Mayfield Acquisitions, LLC v. Chester Bd. of Zoning*, 11th Dist. Geauga No. 2020-G-0261, 2021-Ohio-898, ¶ 10, citing *Burlington Coat Factory of Texas, Inc. v. Howland Twp. Bd. of Zoning Appeals*, 11th Dist. Trumbull No. 2018-T-0098, 2019-Ohio-2173, ¶ 12 ("Although *Kisil* and *Duncan* involved municipal zoning variances, the practical difficulties test applies to townships as well."); *but see Dsuban v. Union Twp. Bd. of Zoning Appeals*, 140 Ohio App.3d 602, 607-608, 748 N.E.2d 597 (12th Dist.2000) (recognizing split in appellate districts as to whether practical difficulties test applies to townships and holding it inapplicable). "While existing definitions of 'practical difficulties' are often nebulous, it can safely be said that a property owner encounters 'practical

4

difficulties' whenever an area zoning requirement (e.g., frontage, setback, height) unreasonably deprives him of a permitted use of his property." *Duncan* at 86. "The key to this standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable." *Id.*

{¶12} The "practical difficulties" test as set forth in *Duncan* incorporates the following non-exhaustive list of factors, which are to be "considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property[:]"

> (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance;
>
> (2) whether the variance is substantial;
>
> (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance;
>
> (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage);
>
> (5) whether the property owner purchased the property with knowledge of the zoning restriction;
>
> (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; [and]
>
> (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.

*Id.* at syllabus. "In weighing the *Duncan* factors, it has often been observed that no single factor is dispositive or controlling." *Kuhns v. Kent*, 11th Dist. Portage No. 2010-P-0002, 2010-Ohio-5056, ¶ 16, citing *Duncan* at 86. "There is also no requirement that the factors

5

be applied mathematically." *Kuhns* at ¶ 16, citing *Winfield v. Painesville*, 11th Dist. Lake No. 2004-L-053, 2005-Ohio-3778, ¶ 28.

{¶13} Here, in its judgment entry, the trial court noted:

> It is apparent from the administrative record that the BZA considered all of the factors cited in *Duncan* before denying the appellants' variance request. In doing so, it found that the appellants failed to demonstrate practical difficulties warranting a variance. Specifically, it found that: 1) there was no evidence presented that the property had no beneficial use without the variance; 2) the requested variance was substantial; 3) the substantial nature of the setback would alter the essential nature of the neighborhood especially as alternatives might be available; 4) government services would not be affected by the variance; 5) the appellants knew or should have known of the zoning restriction because they had purchased the property shortly before the hearing; 6) alternatives to the requested variance may be feasible; and, 7) "the request is not in the spirit and intent of the Zoning Resolution."

{¶14} In reviewing appellants' arguments regarding the *Duncan* factors, the trial court stated:

> First, [the trial court] notes that the appellants themselves concede that a deviation of a setback of 25 percent or higher is normally deemed substantial in nature. *See Salotto v. Wickliffe Bd. of Zoning Appeals*, 193 Ohio App.3d 525, 2011-Ohio-1715, 952 NE.2d 1174, [¶ 24] (11th Dist.), citing *Roberts v. Lordstown*, 11th Dist. Trumbull No. 97-T-149, 1998 WL 553625, *12-14 [(July 10, 1998)]. The deviation sought here is 50 percent from the existing zoning requirement. Without question, that is substantial. Secondly, the appellants do not deny having prior knowledge of the zoning restriction and because they had recently purchased the property, it is fair to presume that they either knew or should have known about it. Third, and most importantly, there is no evidence supporting the appellants' contention that there are no other options available for placing the garage. That is at best a misstatement, and simply is not in the record before the court. On the contrary, the BZA reviewed various options including adding to or replacing the existing garage, or rotating it and moving it closer to the property line. The appellants were also

6

told that they could meet with the zoning inspector to discuss other possible modifications. Based on this, it appears that the major objection the appellants have in this matter is that building the structure elsewhere would be more costly than doing so in their proposed location. This is neither an unnecessary hardship nor a practical difficulty as defined by either *Brown [v. Painesville Twp Bd. of Zoning Appeals,* 11th Dist. Lake No. 2004-L-047, 2005-Ohio-5608, ¶ 11] or *Duncan*.[1]

{¶15} However, the trial court did "question one of the BZA's findings under *Duncan*. Specifically, because no neighbors objected to the planned garage, [the trial court found it] questionable whether the setback would alter the essential nature of the neighborhood or adjoining properties would suffer a substantial detriment as a result of the variance." Nonetheless, the court concluded that the *Duncan* factors weighed against granting the variance and affirmed the decision of the BZA.

{¶16} On appeal to this court, appellants again maintain that they met their burden for demonstrating practical difficulties under the *Duncan* factors, and the variance should have been granted. We proceed to discuss appellants' arguments mindful of our limited review that precludes this court from reweighing the evidence. *See 8491 Mayfield Acquisitions, LLC*, 2021-Ohio-898, at ¶ 16, citing *Kuhns*, 2010-Ohio-5056, at ¶ 23.

{¶17} With respect to the first *Duncan* factor, appellants maintain that they are "being deprived of the reasonable use of their property." However, *Duncan* asks whether "there can be any beneficial use of the property without the variance[.]" *Duncan*, 23 Ohio St.3d 83, at syllabus. Here, it is undisputed that the property currently contains a residential structure and an accessory structure, and there was no evidence presented

---

1. The *Brown* decision recites the test for establishing an "unnecessary hardship" with respect to a request for a use variance, which is a more stringent standard than the "practical difficulties" test applicable to a request for an area variance.

Case No. 2023-L-101

that the property cannot be beneficially used as a residential property without a second accessory structure being built in accordance with appellants' request.

{¶18} Regarding the second *Duncan* factor, appellants recognize that a setback variance greater than 25 percent is typically deemed "substantial," but they maintain this factor alone is not dispositive. *See Salotto at* ¶ 24 ("In considering the second of the seven *Duncan* factors in previous zoning appeals, this court has indicated that a 25 percent deviation, or higher, must be deemed substantial in nature."). However, as set forth above, the trial court did not find this factor determinative, but, instead, reviewed this factor in the context of the evidence presented as to the remaining factors.

{¶19} Regarding the third and fourth *Duncan* factors, the trial court did not find these factors weighed in favor of the denial. Instead, as set forth above, with respect to the third factor, the court questioned the BZA's determination that the variance would alter the essential nature of the neighborhood or that adjoining property owners would suffer a substantial detriment.[2] Regarding the fourth factor, the court agreed that there was no showing that the variance would affect government services. However, the court concluded that the remaining *Duncan* factors far outweighed the factors favoring appellants.

{¶20} With respect to the fifth *Duncan* factor, appellants cite this court's decision in *Cooke v. Vill. of Chardon Bd. of Zoning Appeals*, 11th Dist. Geauga No. 90-G-1602, 1991 WL 216936, *2 (Oct. 25, 1991), for the proposition that "while prior knowledge of the

---

2. The BZA maintains in its answer brief "that the Trial Court improperly weighed the absence of objections from neighbors over the remaining discussion of the BZA relating to the unusual placement of an accessory structure in front of the residential home." However, the BZA has not assigned this argument as a cross-assignment of error, and regardless, we need not reach this issue based upon our disposition of appellants' sole assigned error.

Case No. 2023-L-101

zoning restriction is a factor to be weighed in determining whether practical difficulties exist, it is not a sufficient condition, standing alone, to prevent a property owner from obtaining a variance from a setback requirement." However, again, the trial court did not affirm the BZA's decision on this factor alone, but in the context of the remaining *Duncan* factors.

{¶21} Regarding the sixth *Duncan* factor, appellants maintain that the zoning inspector's testimony belies the conclusion that there are alternatives to the variance available, because the inspector testified that there are limited areas to place the proposed building, which would still require a setback variance. However, the administrative record indicates that the inspector's suggested alternative would require a less substantial variance in the setback. Further, the record provides that, prior to entering into executive session, "[t]he Board reviewed various options. This included the possibility of adding to, or replacing, the existing 32' x 24' building. They also considered rotating the barn and/or moving it closer to the property line." Thus, the record does not support appellants' contention that there were no feasible alternatives available.

{¶22} As to the seventh *Duncan* factor, appellants maintain that because the zoning code permits variances, and because two accessory buildings are permitted on their lot, their request is within the spirit and intent of the zoning code. However, this argument does not address the spirit and intent of the 100-foot setback requirement.

9

{¶23} Based on the foregoing, we cannot say that the trial court's decision, as a matter of law, was not supported by a preponderance of reliable, probative, and substantial evidence or amounts to an abuse of discretion.

{¶24} Accordingly, appellants' assigned error lacks merit.

{¶25} The judgment is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.